U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 1 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALIX WASHINGTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-001-A |
| | § | |
| BANK OF AMERICA, N.A., F/K/A | § | |
| BAC HOME LOANS SERVICING, LP | § | |
| F/K/A COUNTRYWIDE HOME LOANS | § | |
| SERVICING, LP., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Bank of America, N.A., f/k/a BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP., to dismiss. The court, having considered the motion, the response, the record, and applicable authorities, finds that the motion should be granted.

I.

## Plaintiffs' Claims

On February 20, 2003, plaintiffs, Alix Washington and Tina Washington, executed a note in the principal amount of $182,566 for the purchase of a home in Fort Worth, Texas. Plaintiffs' First Amended Complaint ("FAC"), ¶¶ 11-13. They also executed a deed of trust to secure payment of the note. Id., ¶15. Since at least January 1, 2005, defendant has been the holder and loan servicer of the note. Id., ¶17. Plaintiffs fell behind on their mortgage payments and, in or about March 2010, contacted

defendant about a loan modification. Id., ¶¶ 19. 20. Thereafter, plaintiffs did not make any further mortgage payments. Id., ¶ 47. The property was sold at foreclosure sale for $130,432.40. Id. On September 27, 2010, plaintiffs executed a "move out" agreement, pursuant to which they agreed to vacate the property on or before October 27, 2010 and release all claims against defendant, whether known or unknown, in exchange for payment to plaintiffs of $2,000. Id., ¶53 & Ex. I.

After plaintiffs moved out of the property, the substitute trustee voluntarily rescinded the foreclosure sale and cancelled the substitute trustee's deed. Id., ¶ 61.

On September 8, 2014, plaintiffs filed this action in the 342nd District Court of Tarrant County, Texas, alleging causes of action for wrongful foreclosure, breach of contract, fraud and fraudulent inducement, negligent misrepresentation, and violations of the Texas debt collection practices act and Texas deceptive trade practices act. On January 2, 2015, defendant filed its notice of removal, bringing the action before this court. By order signed January 6, 2015, the court ordered plaintiffs to replead in keeping with the requirements of the federal court. On January 21, plaintiffs filed their first amended complaint, continuing to assert wrongful foreclosure,

breach of contract, fraud[1] and fraudulent inducement, negligent misrepresentation, and violation of the Texas deceptive trade practices act, but omitting violation of the debt collection practices act. Curiously, plaintiffs include as counts "agency and respondeat superior" and equitable estoppel, which are not causes of action.

II.

## Defendant's Motion to Dismiss

On March 6, 2015, having obtained an extension of time in which to do so, defendant filed its motion to dismiss plaintiffs' first amended complaint. The court granted plaintiffs three extensions of time in which to respond to the motion. And, when the response finally filed did not meet the applicable filing rules and directives of the court, the court granted plaintiffs another day in which to respond, which they have now done.

Defendant contends that the court must dismiss plaintiffs' first amended complaint for failure to state any cognizable claim for relief. Although defendant urges a number of different grounds, the court need only consider the first, that plaintiffs have released all claims they now seek to pursue.

---

[1]Although plaintiffs have only asserted a claim for common law fraud, their response to the motion to dismiss includes a section regarding statutory fraud. Resp. at 13. Statutory fraud, governed by Tex. Bus. & Comm. Code § 27.01, does not apply to transactions regarding the mere loaning of money for real estate. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008); Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex. App.–Waco 2000, pet. denied).

III.

Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." Iqbal, 556 U.S. at 678. To survive a motion to dismiss
for failure to state a claim under Rule 12(b)(6), the facts
pleaded must allow the court to infer that the plaintiff's right
to relief is plausible. Id. To allege a plausible right to
relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient. Id. In other words, where the facts pleaded do no
more than permit the court to infer the possibility of
misconduct, the complaint has not shown that the pleader is
entitled to relief. Id. at 679.

IV.

## Law Applied to the Pleading

A.   The Move Out Agreement.

The first ground of the motion is that plaintiffs' claims
are barred by the release contained in the move out agreement.
The court agrees. Although the court ordinarily does not consider
evidence in ruling on a motion to dismiss, documents attached to
a plaintiff's complaint as well as documents referred to therein,
if central to the plaintiff's claims, are considered part of the
pleadings and may be considered on a motion to dismiss. Collins
v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir.
2000); GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d
1381, 1384-85 (10th Cir. 1997). Here, plaintiffs not only refer

5

to the move out agreement in their first amended complaint, they include a copy in the appendix to the complaint.

The move out agreement provides, among other things that plaintiffs release and forever discharge defendant (which plaintiffs acknowledge to be the successor of BAC Home Loans Servicing, LP)

> from any and all claims, causes of action, whether administrative or judicial, losses, costs, expenses, liabilities, penalties, fines, compensation, fees, loss of profits, and damages, of any kind whatsoever, whether known or unknown, fixed or contingent, joint or several, or in law or equity that [plaintiffs] may have had or may now have arising out of or in any way related to a loan serviced by BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., the Property, any personal property that is or was located at the Property, any foreclosure sale or eviction action involving the Property, and/or any transaction or agreement between or among [plaintiffs] and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. prior to the date of this agreement.

Further, the move out agreement specifically provides:

> [plaintiffs] may later discover facts different from, or in addition to, those which [either plaintiff] now knows or believes to be true with respect to the Claims released, and [each plaintiff] agrees that this release shall remain valid notwithstanding such different or additional facts.

Pls. First Set of Exs. Submitted Jan. 21, 2015, at 55, ¶ 8.

The move out agreement clearly reflects that plaintiffs received consideration for its execution; that they freely and voluntarily entered into the agreement; that they had not been given and had not relied on any inducements or promises other than as set out in the agreement; that they had had the opportunity to consult with independent counsel; that they read and understood the terms of the agreement; that they were competent to execute the agreement; and that the agreement contained the entire understanding of the parties. Id. at 54, ¶2; 56, ¶¶ 10-11. The agreement is written in plain language and plaintiffs do not, and could not, contend that it is ambiguous in any respect.

Each of the claims asserted by plaintiffs is a claim that has been released by them in the move out agreement. They are now alleging that they have learned other facts that would entitle them to assert claims. However, that situation is just what the move out agreement addressed. The move out agreement is clear and unequivocal in its expression of the intent to disclaim reliance; accordingly, its terms are binding. See Forest Oil Corp. V. McAllen, 268 S.W>3d 51 (Tex. 2008); Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171 (Tex. 1997). Plaintiffs are bound by their release and for that reason alone their claims are not plausible and must be dismissed.

B.   <u>Other Issues Raised by the Motion to Dismiss.</u>

For the reasons discussed in the preceding section, plaintiffs' claims must be dismissed. Nevertheless, the court is addressing some of the other issues raised by defendant in its motion that constitute alternate grounds for the dismissal.

1.   <u>Agency and Respondeat Superior.</u>

As defendant points out, agency and respondeat superior are theories of liability and not causes of action. <u>See</u> <u>Kenneally v. Gulfside Supply, Inc.</u>, No. A-10-CA-289-LY, 2010 WL 3220672, *2 (W.D. Tex. Aug. 13, 2010). To the extent plaintiffs have asserted these as causes of action, they will be dismissed.

2.   <u>Wrongful Foreclosure.</u>

To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate sales price. <u>Miller v. BAC Hom Loans Serv., L.P.</u>, 726 F.3d 717, 726 (5th Cir. 2013). Further, to be grossly inadequate, the sales price must be "so little as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase." <u>F.D.I.C. v. Blanton</u>, 918 F.2d 524, 531 (5th Cir. 1990). As the Fifth Circuit has noted, the weight of Texas authority rejects a determination of gross inadequacy where the property sells for more than sixty

8

percent of the property's fair market value. Id. at 531-32. Here, taking plaintiffs' allegation as to fair market value as true, they have admitted that the property sold for much more than sixty percent thereof. FAC, ¶ 80. Accordingly, plaintiffs have not stated a claim for wrongful foreclosure.

    3.  Economic Loss Rule.

    Defendant alternatively points out that plaintiffs' tort claims are barred by the economic loss doctrine. Plaintiffs have clearly pleaded that their claims arise out of the contracts they executed–the note, deed of trust, and negotiation agreement. See Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991). Under Texas law, the economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." Lamar Homes, Inc. v. Mid-Continent Cas. Co., 242 S.W.3d 1, 12 (Tex. 2007). Therefore, claims for these tort claims require injury to the plaintiff independent of the alleged breach of contract. See Pennington v., HSBC Bank U.S.A., N.A., No. A-10-CA-785 LY, 2011 WL 6739609, *8 (W.D. Tex. Dec. 22, 2011)(applying economic loss rule to negligent misrepresentation); Casey v. Fed. Home Loan Mortgage Ass'n, No. H-11-3830, 2012 WL 1425138, *3-4 (S.D. Tex. Apr. 23, 2012)(applying economic loss rule to fraud claim).

Here, plaintiffs clearly had a contractual relationship with defendant based on the note and deed of trust. Their alleged discussions concerned modification of the loan and foreclosure proceedings. Defendant could not have made any representations concerning modification had there not been an agreement between the parties. Further, defendant's alleged representations about delaying foreclosure proceedings related to rights provided under the note and deed of trust if plaintiffs failed to perform their obligations thereunder. Thus, the basis of plaintiffs' claims flows solely from the note and deed of trust and their tort claims are barred by the economic loss rule. Casey, 2012 WL 1425138, at *4.

4. Deceptive Trade Practices.

The elements of a claim under the DTPA are: (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading or deceptive acts; and (3) these acts constituted a producing cause of plaintiff's damages. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995). A consumer is one who has seeks or acquires goods or services by purchase or lease. Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981); Tex. Bus. & Com. Code § 17.45(4). As defendant correctly points out, the extension of credit is not a good or service for which a claim may be stated under the Texas Deceptive

Trade Practices-Consumer Protection Act. LaSara Grain Co. v. First Nat'l Bank, 673 S.W.2d 558, 566-67 (Tex. 1984); Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 174 (Tex. 1980). Subsequent actions related to mortgage accounts, such as extensions of further credit or loan modification, do not satisfy the "goods or services" requirement of the DTPA. Montalvo v. Bank of Am. Corp., 864 F. Supp. 2d 567, 579 (W.D. Tex. 2012); Broyles v. Chase Home Fin., No. 3:10-CV-2256-G, 2011 WL 1428904, *4 (N.D. Tex. Apr. 13, 2011).[2] Thus, plaintiffs do not have a claim under the DTPA.

C.   Motion for Leave to Amend.

In response to the motion to dismiss, plaintiffs have filed a motion for leave to supplement and amend their complaint. For the reasons discussed herein, plaintiffs' claims are foreclosed by the terms of the move out agreement they signed. Their waiver applies to all claims; thus, amending the complaint to add new claims would serve no purpose. In addition, it appears that the primary motivation for amending the complaint is to address defendant's limitations arguments. As the court is not relying on limitations as a basis for its ruling, there is no need for the amendment.

---

[2]Likewise, discussions regarding loan modification do not concern collection of a debt and do not fall under the debt collection statutes. Thompson v. Bank of Am., N.A., No. 14-10560, 2015 WL 1810738, *2 (5th Cir. Apr. 21, 2015); Thomas v. EMC Mortgage Corp., 499 F. App'x 337, 343 (5th Cir. 2012).

V.

## Order

For the reasons discussed herein,

The court ORDERS that plaintiffs' motion for leave to file amended and supplemental complaint be, and is hereby, denied.

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiffs' claims be, and are hereby, dismissed.

SIGNED May 1, 2015.

_____

JOHN McBRYDE
United States District Judge

12